UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/03/2026

ERIC BOLTON,

                              Plaintiff,

        -against-

CITY OF PEEKSKILL; PEEKSKILL POLICE
DEPARTMENT; JUSTIN LARCHEVESQUE;
NATALIE MENA; ANGELO CINTRON;
CHRISTOPHER CORCORAN; DONTE
HINES; MICHAEL NALBANDIAN; M.
NOITE; CHRISTOPHER CURRY; HEATHER
FRIES; JOHN/JANE DOES 1-10; CHIEF OF
POLICE JOHN DOE; MAYOR OF
PEEKSKILL JOHN DOE; WESTCHESTER
COUNTY,

                              Defendants.

26-CV-04281 (NSR)

**ORDER OF SERVICE**

NELSON S. ROMÁN, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, related to four separate incidents involving police officers of the City of Peekskill in Westchester County. The Court liberally construes the complaint as asserting additional claims under New York law. Plaintiff sues: (1) the City of Peekskill; (2) the Peekskill Police Department; (3) 19 Peekskill police officers (including 10 John/Jane Doe officers); (4) the Peekskill Chief of Police; (5) the Mayor of Peekskill; and (6) Westchester County.

By order dated June 1, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court: (1) dismisses, for failure to state a claim, all claims against Peekskill's Chief of Police, Peekskill's Mayor, and Westchester County; (2) dismisses, for failure to state a claim, all claims against the Peekskill Police Department; (3) directs the City of Peekskill and the Peekskill Police Department to identify the John Doe defendants; and (4) directs service on the identified Defendants.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B*); see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**DISCUSSION**

**A.    Defendants Chief of Police, Mayor of Peekskill, Westchester County**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id*.

Plaintiff names the Chief of Police, the Mayor of Peekskill, and Westchester County as defendants in this action, but in the body of the complaint, he makes no allegations whatsoever

2

against these defendants. It is therefore unclear what these defendants are alleged to have done to Plaintiff to violate his rights. Because the complaint fails to provide notice of the conduct for which Plaintiff seeks to hold the Chief of Police, the Mayor of Peekskill, and Westchester County liable, he has failed to state a claim against them. The Court therefore dismisses, for failure to state a claim, all claims against the Chief of Police, the Mayor of Peekskill, and Westchester County. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to file an amended complaint in which he sets forth his allegations against these defendants.

**B.      Defendant Peekskill Police Department**

Plaintiff's claims against the "Peekskill Police Department," which the Court understands to be the City of Peekskill Police Department, must be dismissed because, unless otherwise authorized by a municipal charter, municipal agencies, such as the Peekskill Police Department, are not suable entities. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter." (emphasis in original)); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The City Charter of the City of Peekskill does not affirmatively authorize the Peekskill Police Department to sue or be sued in its own name. *See generally* City of Peekskill, New York, City Charter, Article IX (power to sue and be sued not included among powers and duties of Peekskill Department of Public Safety or Peekskill Police Department).

In light of Plaintiff's *pro se* status, the Court will construe any claims being asserted against the Peekskill Police Department as being asserted against the City of Peekskill, which is a named defendant in this action.

**C.      The John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the City of Peekskill to identify the John Doe police officers involved in the events of February 23, 2025, March 8, 2025, May 6, 2025, and August 22, 2025, as more fully set forth in the complaint. It is therefore ordered that the Corporation Counsel of the City of Peekskill, who is the attorney for and agent of the City of Peekskill, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Corporation Counsel must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the newly named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**D.      Service on the Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants City of Peekskill, Officer Justin Larchevesque, Officer Natalie Mena, Officer Angelo Cintron, Officer Christopher Corcoran, Officer Donte Hines, Officer Michael Nalbandian, Officer M. Noite, Officer Christopher Curry, and Officer Heather Fries through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendants Chief of Police, Mayor of Peekskill, Westchester County, and Peekskill Police Department, with 30 days' leave to replead. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to mail a copy of this order and the complaint to Corporation Counsel for the City of Peekskill at: City Hall, 840 Main Street, Peekskill, NY 10566.

The Clerk of Court is directed to issue summonses for the City of Peekskill, Officer Justin Larchevesque, Officer Natalie Mena, Officer Angelo Cintron, Officer Christopher Corcoran, Officer Donte Hines, Officer Michael Nalbandian, Officer M. Noite, Officer Christopher Curry,

and Officer Heather Fries, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

An "Amended Complaint" form is attached to this order.

The Clerk of Court is directed to mail an information package to Plaintiff, in addition to a copy of this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   June 3, 2026
         White Plains, New York

_____
                NELSON S. ROMÁN
           United States District Judge

6

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.  City of Peekskill
    Corporation Counsel
    840 Main Street
    Peekskill, NY 10566

2.  Officer Justin Larchevesque
    Peekskill Police Department
    2 Nelson Avenue, #3
    Peekskill, NY 10566

3.  Officer Natalie Mena
    Peekskill Police Department
    2 Nelson Avenue, #3
    Peekskill, NY 10566

4.  Officer Angelo Cintron
    Peekskill Police Department
    2 Nelson Avenue, #3
    Peekskill, NY 10566

5.  Officer Christopher Corcoran
    Peekskill Police Department
    2 Nelson Avenue, #3
    Peekskill, NY 10566

6.  Officer Donte Hines
    Peekskill Police Department
    2 Nelson Avenue, #3
    Peekskill, NY 10566

7.  Officer Michael Nalbandian
    Peekskill Police Department
    2 Nelson Avenue, #3
    Peekskill, NY 10566

8.  Officer M. Noite
    Peekskill Police Department
    2 Nelson Avenue, #3
    Peekskill, NY 10566

9.  Officer Christopher Curry
    Peekskill Police Department
    2 Nelson Avenue, #3
    Peekskill, NY 10566

10. Officer Heather Fries
    Peekskill Police Department
    2 Nelson Avenue, #3
    Peekskill, NY 10566